Jeffrey J. Steele (#10606)
**The Braunberger & Boud Law Firm, P.C.**
765 East 9000 South, Suite A-1
Sandy, Utah 84094
Telephone: 801-562-3200
Facsimile:  801-562-5599
Email: jeffreyjsteele@gmail.com

Justin M. Hosman (#15634)
Chase A. Adams (#15080)
**HOSMAN || ADAMS**
765 E 9000 S, Suite A-1
Sandy, UT 84094
Tel.: (801) 816-3999
Fax: (385) 325-0126
Email: justin@hosmanadams.com
         chase@hosmanadams.com

*Attorneys for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT,

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| DANIEL W. STEELE;<br><br>          Plaintiff,<br>vs.<br><br>COTTONWOOD HEIGHTS; COTTONWOOD HEIGHTS POLICE DEPARTMENT; TONY WOLFGRAMM; ROBERT RUSSO; SHANNON STEELE; and DOES 1-10, inclusive;<br><br>          Defendants. | **COMPLAINT**<br><br>Case No.: _____<br>Judge: _____<br><br>   Tier 3 |

Plaintiff, Daniel W. Steele, by and through counsel, hereby alleges and complains against Defendants as follows:

## JURISDICTION AND VENUE

1. The acts complained of occurred in Salt Lake County, State of Utah.

2. At all material times, Plaintiff was a resident of Salt Lake County, State of Utah.

3. Defendant Cottonwood Heights is a political subdivision within the County of Salt Lake, State of Utah.

4. Defendant Cottonwood Heights Police Department ("CHPD") is a service department providing policing services for Cottonwood Heights.

5. Defendant Tony Wolfgramm is a detective employed by CHPD and Cottonwood Heights ("Det. Wolfgramm"). At all times described herein, Det. Wolfgramm was acting within the course and scope of his employment with CHPD and CHPD and Cottonwood Heights are responsible and liable for his actions, inactions and omissions.

6. Defendant Robert Russo is the Chief of CHPD ("Chief Russo"). At all times described herein, Chief Russo was acting within the course and scope of his employment with CHPD and CHPD and Cottonwood Heights are responsible and liable for his actions, inactions and omissions.

7. Defendant Shannon Steele is an individual residing in Salt Lake County, Utah. Shannon Steele is the ex-wife of Plaintiff.

8. Defendant Does 1-10, inclusive, are other individuals or entities which contributed to Plaintiff's injuries. Said individuals or entities and their involvement are currently unknown to Plaintiff, and Plaintiff therefore reserves the right to amend this Complaint to assert the true identities and involvement of DOES 1-10 upon discovery of the same.

9. Jurisdiction and venue are proper in this Court as the acts which give rise to this Complaint occurred in Salt Lake County, State of Utah.

10. Plaintiff asserts that this case falls within Tier 3 of URCP 26.

11. Plaintiff will submit herewith an undertaking in the amount of $300.00 as required by U.C.A. § 63G-7-601 and a bond in the amount of $300.00 as required by U.C.A. § 78B-3-104.

12. Plaintiff has complied with the notice requirements of U.C.A. § 63G-7-401, *et seq.*, in that Plaintiff filed a Notice of Claim with the City Recorder of Cottonwood Heights on or about December 18, 2018, within one year of the date of the incidents giving rise to this Complaint.

## STATEMENT OF FACTS

13. Plaintiff and Shannon Steele were divorced by decree entered in 2017 in Case No. 164905714 in the Third District Court, Salt Lake County.

14. Plaintiff and Shannon Steele share five minor children.

15. In approximately March 2018, Plaintiff informed his children that he intended to remarry. The minor children presumably informed Defendant Shannon Steele.

16. On or about March 24, 2018, Shannon Steele contacted CHPD and accused Plaintiff of possessing child pornography and allowing their children to access it (the "False Accusations").

17. The False Accusations were categorically false and were manufactured by Shannon Steele for an improper and unjust purpose – hurting Plaintiff, causing him problems

3

with the law, interfering with his upcoming wedding, and/or to gain leverage against him in their divorce case in relation to child custody and parent time.

18. Shannon Steele knew the False Accusations were not true at the time she made them.

19. CHPD Officer Lautaha investigated the False Accusations and determined that they were unfounded and without merit.

20. Despite this finding, and without probable cause, on or about April 5, 2018, Det. Wolfgramm met with Shannon Steele, interviewed one of the minor children, and decided "that a plan would be set to obtain the iPad" where the alleged child pornography was stored.

21. Working in concert, Shannon Steele and Det. Wolfgramm put a plan in motion whereby they instructed his minor child to steal Plaintiff's iPad from his home, run it out to a waiting Shannon Steele, who then delivered it to Det. Wolfgramm.

22. Det. Wolfgramm obtained the iPad, personal property of Dan Steele, without a warrant, probable cause, or exigent circumstances in contravention of Plaintiff's constitutional rights.

23. Upon information and belief, Det. Wolfgramm notified the Internet Crimes Against Children Task Force (ICAC) at the Attorney General's Office about the case, but refused to turn over the iPad at that time.

24. Instead, Det. Wolfgramm took the iPad to his personal home over the weekend.

25. Plaintiff reported the iPad stolen.

26. Det. Wolfgramm apparently searched the iPad but was unable to locate any child pornography.

27. Det. Wolfgramm eventually turned the iPad over to Agent Aulai at the ICAC. Agent Aulai also used special software to search the iPad for child pornography but found none.

28. After at least three searches of the iPad without finding any evidence of child pornography, the case was unsubstantiated and was closed.

29. The illegal and improper taking and search of Plaintiff's iPad violated the 4th Amendment, the 5th Amendment, and the 14th Amendment of the United States Constitution.

30. Similarly, the illegal and improper taking and search of Plaintiff's iPad violated the Utah Constitution, Article I, Sections 7 and 14.

## FIRST CLAIM – VIOLATION OF UNITED STATES CONSTITUTION
### (As against Cottonwood Heights, CHPD, Chief Russo, and Det. Wolfgramm)

31. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

32. Defendants actions, inactions and omissions described herein

33. Defendants acted with deliberate indifference of Plaintiff's rights to be free of illegal and unreasonable search and seizure and rights to due process.

34. Defendants deprived Plaintiff or his rights while acting under the color of law and of statutes, ordinances, regulations, customs and usages of the law of the United States, State of Utah, which rights included but are not limited to, privileges and immunities secured to him by 42 U.S.C. Section 1983, and the 4th, 5th, and 14th Amendments to United States Constitution.

35. Defendants further failed to adequately supervise and/or train employees concerning the deprivation of due process, obtaining a warrant, illegal search and seizures, and related issues.

36. Defendants were deliberately indifferent to Plaintiff's constitutional rights.

37. At all times relevant herein, Cottonwood Heights, CHPD and Chief Russo, authorized and ratified the wrongful acts and inaction of Det. Wolfgramm, whose wrongful acts and omissions were the result of policies, practices, and customs of Cottonwood Heights and CHPD in pursuing criminal cases, gathering evidence, obtaining warrants, and related issues.

38. The actions and inactions of the Det. Wolfgramm and the CHPD set forth hereinabove were known or should have been known to policy makers responsible for Cottonwood Heights, the CHPD, and occurred with deliberate indifference to the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise or discipline in areas where the need for such training and supervision was obvious.

39. The actions of the CHPD and Cottonwood Heights set forth herein were a motivating force behind the violations of Plaintiff's constitutional rights as set forth herein.

40. As a direct and proximate result of the actions and omissions described herein, Plaintiff was damages in an amount to be proven at trial.

41. As a result of CHPD and Cottonwood Heights' acts and omissions, condoning, encouraging, ratifying and deliberately ignoring the pattern and practice of Defendants' acts and omissions, Plaintiff sustained damages in and amount to be proven at trial.

42. Defendants' unlawful custom, policies, practices, and actions described above, were done intentionally and in a manner that constituted a deliberate indifference to and reckless disregard of Plaintiff's rights and to his child-parent relationship, and constituted outrageous behavior that is shocking to the conscience.

## SECOND CLAIM – VIOLATION OF UTAH CONSTITUTION

### (As against Cottonwood Heights, CHPD, Chief Russo, and Det. Wolfgramm)

43. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

44. Utah Code Article I, Section 7 provides: "No person shall be deprived of life, liberty, or property without due process of law."

45. Utah Code Article I, Section 14 provides: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, particularly describing the place to be searched, and the person or thing to be seized."

46. The notice provision of the Utah Governmental Immunity Act, as set forth in Utah Code Ann. Sec. 63G-7-401(2) does not apply to this claim because such claim is self-executing.

47. A Utah State constitutional provision is self-executing

> … if it articulates a rule sufficient to give effect to the underlying rights and duties intended by the framers. In other words, courts may give effect to a provision without implementing legislation if the framers intended the provision to have immediate effect and if "no ancillary legislation is necessary to the enjoyment of a right given, or the enforcement of a duty imposed …

*Spackman v. Box Elder School Dist.*, 16 P.3d 533, 535 (Utah 2000). No notice of claim is required for self-executing Utah constitutional claims: "… when a plaintiff brings suit under a self-executing Utah constitutional clause, no notice of claim is required. *See, e.g., Heughs Land, L.L.C. v. Holladay City*, 113 P.3d 1024, 1027 (Utah App. 2005)." *Tiscareno v. Frasier*, 2009 WL 4730785 (D. Utah 2009) (reversed on other grounds in 639 F.3d 1016 (10th Cir. 2011)).

48. Plaintiff suffered a violation of his clearly established constitutional rights and/or statutory rights when Defendants failed to obtain a warrant to seize and search his iPad, retained his personal property without justification and without due process of law.

49. Equitable relief was and is wholly inadequate to redress the injuries and damages to Plaintiff.

50. The acts and omissions of Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiff.

51. As a direct and proximate result of Defendants' unconstitutional and deliberate indifference and reckless disregard, Plaintiff has suffered damages in an amount to be proven at trial.

**THIRD CLAIM – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

52. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

53. Shannon Steele made the False Accusations knowing that they were not true and for improper and unjust purposes, and for the purpose of inflicting severe emotional distress on Plaintiff. Alternatively, any reasonable person would know that the False Accusations would inflict emotional distress on Plaintiff.

54. Det. Wolfgramm seized and searched Plaintiff's iPad and conducted his investigation in deprivation of due process and knowing that CHPD Officer Lautaha had previously investigated the False Accusations and determined that they were unfounded and without merit.

55. Det. Wolfgramm seized and searched Plaintiff's iPad and conducted his investigation in deprivation of due process for the purpose of inflicting severe emotional distress

on Plaintiff. Alternatively, any reasonable person would know that such actions and inactions would inflict emotional distress on Plaintiff.

56. The actions and inactions of Shannon Steele and Det. Wolfgramm actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.

57. As a direct and proximate cause of the intentional infliction of emotional distress described herein, Plaintiff has been damaged in an amount to be proven at trial.

## FOURTH CLAIM – CIVIL CONSPIRACY

58. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

59. Shannon Steele and Det. Wolfgramm combined to deprive Plaintiff of his iPad.

60. Shannon Steele and Det. Wolfgramm devised a plan together to obtain Plaintiff's iPad.

61. Shannon Steele and Det. Wolfgramm enacted their plan, whereby Plaintiff's minor child stole the iPad from Plaintiff's home, delivered it to Shannon Steele, who in turn delivered it to Det. Wolfgramm.

62. The foregoing acts were undertaken without a warrant and constitute unlawful and over acts.

63. Det. Wolfgramm was acting within the course and scope of his employment when he undertook the actions complained of herein, and CHPD and Cottonwood Heights are liable for his actions.

9

64. As a direct and proximate result of the civil conspiracy described herein, Plaintiff was damaged in an amount to be proven at trial.

## FIFTH CLAIM – NEGLIGENT EMPLOYMENT
### (As against Cottonwood Heights, CHPD, and Chief Russo)

65. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

66. Defendants Cottonwood Heights, CHPD, and Chief Russo owed a duty of care to the public and Plaintiff to, among other things, properly train and supervise the police force, including Det. Wolfgramm.

67. Defendants actions and inactions were negligent, including, among other things, the following particulars:

   a. Failing to appropriately train officers/detectives concerning due process, obtaining warrants, lawful searches, and lawful seizures of property;

   b. Failing to appropriately supervise officers/detectives concerning due process, obtaining warrants, lawful searches, and lawful seizures of property;

   c. Failing to instruct and supervise officers/detectives concerning pursuit of criminal investigations where there is prior evidence exonerating the accused; and

   d. Failing to instruct and supervise officers/detectives concerning the creation of a plan and coordination with the ex-wife and minor child of an accused to illegally obtain personal property.

68. Defendant's negligent actions and/or omissions directly and proximately caused injury to Plaintiff in an amount to be proven at trial.

### SIXTH CLAIM – CONVERSION

69. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

70. The taking of Plaintiff's iPad was illegal and without justification.

71. The seizure of Plaintiff's iPad was willful and intentional and deprived Plaintiff of its use and enjoyment.

72. The seizure of Plaintiff's iPad was unlawful.

73. Plaintiff used his iPad to study for his nursing program exams and was deprived of its use at a time he needed it to study for finals.

74. As a direct and proximate result of Defendants' conversion of Plaintiff's iPad, he was injured in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For special and general compensatory damages in an amount determined at trial;

2. For punitive damages in an amount determined at trial;

3. For pre-judgment interest on the damages awarded as allowed by law;

4. For Plaintiff's costs and attorneys' fees incurred herein; and

5. For such other and further relief as the Court deems just and proper.

DATED this 9th day of July, 2019.

                                                 */s/ Jeff Steele*
                                                 Jeffrey J. Steele
                                                 Justin M. Hosman
                                                 Chase A. Adams
                                                 *Attorneys for Plaintiff*